**Opinion filed February 4, 2010**



In The

# Eleventh Court of Appeals

———————

## No. 11-08-00201-CR

———————

## HOWARD EUGENE TAYLOR, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR33995**

## MEMORANDUM OPINION

The jury convicted Howard Eugene Taylor of aggravated sexual assault of a child as alleged in Count 1 of the indictment and assessed punishment at five years confinement. The jury also convicted appellant of indecency with a child as alleged in Count 2 of the indictment and assessed punishment at ten years confinement and a $2,500 fine. The trial court suspended the imposition of the confinement portion of the sentence for indecency with a child and placed appellant on community supervision. The trial court did not suspend the imposition of punishment in Count 1. We affirm.

In his first point of error, appellant complains that the evidence was legally and factually insufficient to support his convictions. In his fourth point of error, he argues that his "due process rights were violated" because the jury convicted him with insufficient evidence. In order to determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Jackson v. State*, 17 S.W.3d 664 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, the appellate court reviews all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part *Zuniga v. State*, 144 S.W.3d 477 (Tex. Crim. App. 2004)); *Johnson v. State*, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, the reviewing court determines whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 10-11.

We review the factfinder's weighing of the evidence and cannot substitute our judgment for that of the factfinder. *Cain*, 958 S.W.2d at 407; *Clewis*, 922 S.W.2d at 135. Due deference must be given to the jury's determination, particularly concerning the weight and credibility of the evidence. *Johnson*, 23 S.W.3d at 9; *Jones v. State*, 944 S.W.2d 642 (Tex. Crim. App. 1996). This court has the authority to disagree with the factfinder's determination "only when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest injustice." *Johnson*, 23 S.W.3d at 9.

The victim testified that she was ten years old and that she lived with her grandmother. The victim's grandmother was married to appellant's brother, David Taylor. The victim testified that she was seven years old the first time she had an encounter with appellant that made her uncomfortable. She was in her room at her grandmother's house listening to music, and appellant came into her room and "got on top" of her. Appellant left when someone called him to the other room.

The victim testified that there was another incident about one month later when she went with David and appellant to pick up food from a restaurant. David got out of the vehicle, and the

victim and appellant remained inside of the vehicle. The victim was sitting in the backseat, and appellant turned around from the passenger side of the front seat and told her to open her legs. The victim stated that appellant "tried to put his hand through [her] skort." Appellant put his hand underneath the victim's skort and touched her private part. David returned to the vehicle and told appellant and the victim to come inside the restaurant.

The victim stated that several weeks later there was another incident with appellant. She went with appellant to a drive-through convenience store in David's pickup to buy cigarettes. Appellant and the victim were in line at the drive-through with the victim sitting in the passenger seat of the pickup. The victim dropped something in the floorboard, and when she bent down to pick it up, appellant "yanked" her toward him. The victim testified that appellant had unzipped his pants and that he forced her to pull down his underwear. Appellant then forced the victim's head onto his penis, and appellant's penis went inside of her mouth. The victim told her mother that appellant was "messing" with her. The victim also told her school counselor, and soon after, she was interviewed at the Children's Advocacy Center.

Appellant testified at trial and denied going to the restaurant with the victim and David. Appellant said that he did not touch the victim's underwear through her skort. Appellant further denied going to the drive-through convenience store with the victim and causing her mouth to touch his penis.

Appellant argues that there was no evidence that the victim was not his spouse. However, on cross-examination, the State asked appellant if the victim was his spouse. Appellant responded, "No, she is not." Appellant also argues that the evidence is insufficient because the victim gave inconsistent statements about the incidents. Appellant questioned the victim about her inconsistent statements at trial. The victim acknowledged that she initially did not tell the truth in her interview at the Children's Advocacy Center because she was scared. The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979). The jury is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Wesbrook v. State*, 29 S.W.3d 103 (Tex. Crim. App. 2000). We find that the evidence is legally and factually sufficient to support appellant's

convictions for aggravated sexual assault and indecency with a child. Appellant was not denied his due process rights. We overrule the first and fourth points of error.

Appellant argues in his second point of error that the State made improper statements during voir dire. A trial court has broad discretion over the process of selecting a jury. *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002). We leave to the trial court's discretion the propriety of a particular question, and the trial court's discretion will not be disturbed on appeal absent an abuse of that discretion. *Sells v. State*, 121 S.W.3d 748, 755 (Tex. Crim. App. 2003); *Barajas*, 93 S.W.3d at 38. In voir dire examinations, great latitude should be allowed so that counsel for both the State and the defense have a good and sufficient opportunity to assess the relative desirability of the members of the venire. *Norton v. State*, 930 S.W.2d 101, 103-04 (Tex. App.—Amarillo 1996, pet. ref'd).

Appellant first complains of the State's comment, "[E]verybody in here is going to think this is a horrible crime. Okay. You want only people on the jury that think this is not a big deal?" Appellant contends that the statement assumes a crime has been committed. Viewing the statement in context, the State was responding to a prospective juror's comment that he had strong feelings about sexual abuse of children and was in reference to the offense in general. Moreover, appellant did not object to the statement and, therefore, has not preserved his complaint for review. TEX. R. APP. P. 33.1(a)(1).

Appellant next complains of the statement:

> You might get to hear him. And if you do get to hear him, then you can judge what his motive would be, like why would he get up there and lie.

Again viewed in context, the State was discussing appellant's right not to testify. The State informed the jurors that they could not hold it against appellant if he chose not to testify. The State gave possible explanations for why appellant might choose not to testify. However, appellant did not object to the statement and has not preserved his complaint for review. Rule 33.1(a)(1).

Appellant next complains of the State's comments during voir dire about "misconceptions" of sexual abuse of children. Appellant objected that the State was testifying and going beyond asking questions. The trial court stated, "I agree," and the State agreed to rephrase. Appellant did not request an instruction to disregard the comment or seek a mistrial. Appellant has not preserved

4

this complaint for review. *See Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). Appellant has not shown the trial court abused its discretion during the jury selection process. We overrule the second point of error.

In his third, fifth, sixth, seventh, and eighth points of error, appellant complains that the State's closing arguments during the guilt/innocence phase and the punishment phase were improper. Appellant complains of several instances where, he claims, the State during its closing argument improperly struck at appellant over counsel's shoulders, engaged in improper bolstering, attempted to invade the province of the jury, and engaged in unfair tactics. Appellant failed to object to any of the statements that he complains about on appeal. Appellant has not preserved his complaints for appellate review. Rule 33.1(a)(1). Moreover, appellant has not shown any harm by the statements. We overrule Points of Error Nos. Three, Five, Six, Seven, and Eight.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


February 4, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.

5